**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MOROCCANS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No.  1:25-cv-04177 (UNA) |
| | ) | |
| | ) | |
| U.S. DEPARTMENT OF | ) | |
| COMMERCE, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court on its initial review of Plaintiffs' *pro se* Complaint, ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP App."), ECF No. 2.  For the reasons explained below, the IFP Application is denied, and this matter is dismissed without prejudice.

Plaintiffs Moroccans, Noble Drew Ali, and the Moorish Science Temple Of America "by its Trustees, on behalf of themselves and all others similarly situated," sue the U.S. Department of Commerce, the U.S. Department of Justice, and the Census Bureau.  *See* Compl. at 1–2.  More specifically, Plaintiffs, who attempt to bring this matter as a class action, *see id.* at 1, 3–4, contend that Defendants "rely heavily . . . outdated 'race classes' when analyzing restricting plans under section 2 of the VRA [Voting Rights Act], rather than focusing on specific, self-identified national origins," and that this overbroad race classification "results in systematic undercounting and misrepresentation of specific communities," in violation of several federal laws, *see id*. at 2–4. They demand a declaratory judgment stating that Defendants' current data collection methods are

unlawful, and an injunction directing the Defendants to "develop and implement standards that prioritize national origin data for all VRA-related analyses." *See id.* at 4.

At the outset, the Court denies Plaintiffs' IFP Application. The Application is executed by a non-party to this action, Sheik Alfred Tard El, and furthermore, it vaguely states that the Plaintiffs are purportedly exempt from court costs and fees due to a "compelling government interest." *See* IFP App. at 1. No authority is cited to support this broad contention, nor is the Court aware of any applicable authority, and no information is provided regarding any of the Plaintiffs' respective financial circumstances; therefore, the Court cannot assess their ability—or inability—to pay the filing fee for this matter. *See* 28 U.S.C. § 1915(a); *see also* Form No. AO 240.

The Complaint fares no better. First, this matter cannot be brought as a class action. A *pro se* litigant can represent only herself in federal court. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . "); *Georgiades v. Martin–Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (individual "not a member of the bar of any court . . . may appear *pro se* but is not qualified to appear in [federal] court as counsel for others") (citation and footnote omitted); *U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 16 (D.D.C. 2003), *aff'd sub nom. Rockefeller ex rel. U.S. v. Washington TRU Solutions LLC*, No. 03–7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004) ("[A] class member cannot represent the class without counsel, because a class action suit affects the rights of the other members of the class") (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)). Although Plaintiffs state that their "legal team" will assist them in "fairly and adequately represent[ing] the interests of the class," *see* Compl. at 3, no attorney has entered an appearance.

Similarly, this matter cannot be brought on behalf of the Moorish Science Temple Of America. A non-individual cannot proceed under the IFP statute, 28 U.S.C. § 1915(a)(1); the

Supreme Court has interpreted that provision as applicable "only to individuals" or "natural persons," not "artificial entities," *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–07 (1993), nor can a *pro se* plaintiff proceed, IFP or otherwise, on behalf of an entity, if as here, that plaintiff is not licensed counsel, *see* 28 U.S.C. § 1654; *Greater Southeast Cmty. Hosp. Found., Inc. v. Potter*, 586 F.3d 1, 4 (D.C. Cir. 2009) (citing *Rowland*, 506 U.S. at 201–02); *see also Franklin v. Vilsack*, No. 11–0206 (D.D.C. Apr. 15, 2011) (denying IFP status to plaintiff in his capacity as an officer of a non-profit corporation, because the non-profit, as an artificial entity, cannot proceed IFP).

Second, even if this matter was brought solely individually, it is of no consequence, because no individual plaintiff has established standing.  Under Article III of the Constitution, federal courts "may only adjudicate actual, ongoing controversies," *Honig v. Doe*, 484 U.S. 305, 317 (1988), of which "the core component of standing is an essential and unchanging part[.]" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).  To satisfy the standing requirement, a plaintiff must establish at a minimum (1) that he has "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical[;]" (2) that "a causal connection" exists "between the injury and the conduct complained of . . . and [is] not the result of the independent action of some third party not before the court[;]" and (3) that the injury will "likely" be redressed by a favorable decision.  *Id.* at 560–61 (alterations, internal quotation marks, and citations omitted). As here, "a defect of standing is a defect in subject matter jurisdiction."  *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).

Once again, the Complaint, akin to the IFP Application, is signed by Sheik Alfred Tard El, who is not a party to this case, and none of the named parties have signed the Complaint. *See*

Compl. at 4.  That alone is a fatal defect, *see* Fed. R. Civ. P. 11(a), yet more, no Plaintiff has alleged a redressable injury that is particularized to himself or herself.  They generally allege that they, as class, "reside in different states and are subject to the alleged misclassification and misapplication of VRA data," *see* Compl. at 2, but they do not describe any damages that anyone *personally* suffered, raising textbook hypothetical damages.

Accordingly, for all of these reasons, this case is dismissed without prejudice.  A separate Order accompanies this Memorandum Opinion.


Date:   April 17, 2026                       _____/s/_____
                                              RUDOLPH CONTRERAS
                                             United States District Judge